IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| JERRY TAYLOR | : | NO. 09-685-1 |

MEMORANDUM

McLaughlin, J.                                                December 10, 2010

The defendant is charged with conspiracy to commit armed bank robbery, three counts of armed bank robbery, and two counts of using and carrying a firearm during and in relation to a crime of violence. The defendant has moved to suppress a statement that he made to the FBI shortly after his arrest. The Court held an evidentiary hearing on November 29, 2010, and will deny the motion.

I.   Findings of Fact

Federal agents arrested the defendant on an arrest warrant on September 23, 2009, at approximately 12:15 p.m. The arrest warrant was executed while the defendant was visiting his probation officer at 1401 Arch Street. The defendant was brought to FBI headquarters and arrived at about 12:30 p.m. when Special Agent Donald Asper spoke with him. Special Agent Asper told the defendant what he was charged with and that the FBI believed that he was involved with the individuals in certain photographs that

the agent had laid out before the defendant and that they wanted to talk to him about his involvement in bank robberies. Special Agent Asper advised the defendant of his Miranda rights. The advice of rights took place between 12:45 p.m. and 12:49 p.m. As Special Agent Asper went through the advice of rights card line by line, he told the defendant that if the defendant understood what he was saying, he should initial at the end of each line. The defendant did initial at the end of each line. Special Agent Asper then read the waiver of rights portion to the defendant and Mr. Taylor signed it.

During the advice of rights, the defendant appeared to understand what Special Agent Asper was saying. His answers were responsive to the agent's questions and comments. Mr. Taylor sat at a table with the agents. He may have had on handcuffs. After the defendant waived his Miranda rights, Special Agent Asper asked the defendant questions. Special Agent Berry was also present. The defendant never stated that he wanted to stop speaking to the agents. They never threatened him or physically touched him.

The defendant was cooperative during the advice of Miranda rights and thereafter. Special Agent Asper did not ask him anything substantive about the crimes until after he was advised of his Miranda rights.

II. <u>Discussion</u>

The defendant contends that this was a two-step questioning situation where the <u>Miranda</u> warnings did not take place until after the agents had asked the defendant some preliminary questions concerning the bank robberies.

The Court's findings of fact do not support that contention. The Court found Special Agent Asper fully credible and accepts his version of events. The Court finds that the agents did not ask the defendant any substantive questions about the crimes until after he waived his <u>Miranda</u> rights. The Court did not find the defendant's testimony credible.

An appropriate order shall issue separately.